**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JEFFREY THOMAS, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|      vs. | ) CAUSE NO. 1:11-cv-1365-WTL-DML |
| | ) |
| BLACK & DECKER (U.S.), INC., et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on a joint motion to voluntarily dismiss, with prejudice, Defendant Black & Decker (U.S.), Inc. ("Black & Decker") filed by the Plaintiffs, Jeffery and Paula Thomas, and Black & Decker (dkt. no. 65). Defendant-Intervenor Rhodius Schleifwerkzeuge GmbH & Co. KG ("Rhodius") filed a response in opposition to the motion, requesting that Black & Decker not be dismissed (dkt. no. 66). In the alternative, Rhodius requests this Court to grant it leave to file an amended answer naming Black & Decker as a nonparty. The Court, being duly advised, rules as follows.

### I. STANDARD

The Plaintiffs and Black & Decker request, pursuant to Federal Rule of Civil Procedure 41(a)(2), that the claims against Defendant Black & Decker be dismissed, with prejudice. Rule 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" once a defendant has filed an answer. Fed. R. Civ. P. 41(a)(2). The grant or denial of a Rule 41(a)(2) motion, as well as the conditions imposed therein, is left to the Court's sound discretion. *See Mother and Father v. Cassidy*, 338 F.3d 704, 709 (7th Cir. 2003).

## II. BACKGROUND

On or about May 1, 2009, Plaintiff Jeffrey Thomas, a plumber, purchased a .045" metal cutting wheel from a Lowe's Home Centers, Inc. ("Lowe's") Indianapolis retail store. On September 12, 2009, Jeffrey was using the metal cutting wheel for a plumbing job when the wheel exploded, causing severe and permanent injuries to his eye and brain.

Jeffrey and his wife, Paula Thomas, filed a lawsuit in Marion County Superior Court on September 8, 2011, naming Black & Decker, DeWalt Industrial Tool Company,[1] and Lowe's as Defendants. The Defendants properly removed the case to this court on October 11, 2011, pursuant to 28 U.S.C. § 1332.

During the course of discovery, the Defendants informed the Plaintiffs that Rhodius was the manufacturer of the cutting wheel. Black & Decker also notified Rhodius of the pending lawsuit. Therefore, on October 29, 2012, Defendant Rhodius filed a motion to intervene pursuant to Rule 24 (dkt. no. 39). This motion was granted by this Court (dkt. no. 46).

On November 16, 2012, Defendant Lowe's was dismissed, with prejudice, pursuant to a stipulation by the parties (dkt. no. 43). This left Defendants Black & Decker and Rhodius as the only remaining Defendants in this matter.

Turning now to the current motion before the Court, on December 3, 2013, Defendant Black & Decker and the Plaintiffs filed a joint motion to voluntarily dismiss, with prejudice, Defendant Black & Decker from this case (dkt. no. 65). Rhodius filed a response in opposition (dkt. no. 65).

---

[1] The Plaintiffs later amended their complaint (dkt. no. 17) to properly sue the correct Defendants, noting that DeWalt Industrial Tool Company was not a separate corporate entity, but rather, a trade name.

## III. DISCUSSION

Rhodius objects to the dismissal of Black & Decker stating that it will be prejudiced if Black & Decker is dismissed. It argues that because Black & Decker sold and distributed the allegedly-defective cutting wheel, its liability is still at issue in the case. If Black & Decker is dismissed, therefore, Rhodius argues it will be left to defend the action alone. In the alternative, if the Court grants the dismissal, Rhodius requests leave pursuant to Rule 15(a)(2)[2] to amend its answer to name Black & Decker as a nonparty.[3]

In viewing the two options, it appears that the prejudice that would result from dismissing Black & Decker—"depriving [Rhodius] of the opportunity to attribute all or part of the fault to others"—is remedied by granting Rhodius leave to add Black & Decker as a nonparty. *Bowles v. Tatom*, 546 N.E.2d 1188, 1190 (Ind. 1989). "Under Indiana's comparative fault statute, a named defendant may assert a 'nonparty' defense, seeking to attribute fault to a nonparty rather than to the defendant." *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 911 (Ind. 2001). Rhodius seeks to add Black & Decker as a nonparty due to its potential liability for placing the allegedly-defective cutting wheel into the stream of commerce. *See* Pls.' Amended Complaint at ¶ 7 ("The cutting wheel designed, manufactured, and put into the stream of commerce by Defendant Black & Decker (U.S.) Inc. was in a defective condition . . .").

Indiana law allows this remedy so long as a timely objection is made to the dismissal and a timely request is made to retain the dismissed party as a nonparty. *See Bloemker v. Detroit Diesel Corp.*, 687 N.E.2d 358, 359-60 (Ind. 1997) ("In view of the timely objections and requests to retain PTI as a nonparty, we find that Detroit Diesel and North Manchester have

---

[2] Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

[3] Rhodius submitted as Exhibit A to its Response its proposed Amended Answer naming Black & Decker as a nonparty.

3

preserved their right to assert a nonparty defense as to PTI."); *see also Rausch v. Reinhold*, 716 N.E.2d 993, 1001 (Ind. Ct. App. 1999) ("[B]oth *Bowles* and *Bloemker* support the conclusion that a defendant must do something prior to a party's dismissal in order to preserve his nonparty defense with respect to that party."). Clearly, in this case, Rhodius has done just that in objecting to the dismissal, and, in the alternative, requesting to add Black & Decker as a nonparty.[4]

The Court believes that this is the best course of action. Accordingly, the joint motion to dismiss (dkt. no 65) is **GRANTED**. Defendant Black & Decker is hereby **DISMISSED WITH PREJUDICE** from this case. The Court thus grants the alternative requested by Defendant Rhodius—to amend its Answer to name Black & Decker as a nonparty. The Clerk is hereby **DIRECTED to docket Exhibit A – Amended answer (dkt. no. 66-1) as Defendant's Rhodius' Amended Answer.**

SO ORDERED: 01/27/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication

---

[4] The Court notes that the timing provision found in Indiana Code section 34-51-2-16, requiring a defendant to plead a nonparty defense with reasonable promptness after it gains actual knowledge, is also complied with in this instance. *See Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 914-15 (Ind. 2001) ("Because the former party defendants that Owens Corning sought to add as nonparties could only have been added as nonparties after they were dismissed as parties, we hold that for purposes of the statute, Owens Corning acquired *actual knowledge* of a nonparty affirmative defense relating to a particular entity only when it received notice that the entity had been dismissed from the action. To hold otherwise would be tantamount either to requiring Owens Corning to do something impossible—assert a nonparty affirmative defense with respect to a named defendant—or to preclude Owens Corning from asserting a nonparty affirmative defense at all with respect to a former named defendant. We find no support in the statute or its underlying purposes for either of these alternatives.").